UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SEDLAK,

        Plaintiff,                                          No. 14-11610

v.                                                     District Judge Gerald E. Rosen
                                                        Magistrate Judge R. Steven Whalen

ERIC HOLDER, ET AL.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roger Sedlak, a prison inmate in the custody of the Federal Bureau of Prisons, filed a *pro se* complaint in this Court on April 22, 2014, naming a number of Defendants employed at the Federal Correctional Institution in Milan, Michigan. Before the Court is Plaintiff's Motion for Default Judgment [Doc. #14] as to Defendants Terris, True, Stoner, Call, and Beck, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I. LEGAL PRINCIPLES

In order for a Plaintiff to obtain a judgment by default, he must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

## II.   DISCUSSION

In this case, although Plaintiff has requested that the Clerk enter a default under Rule 55(a) [Doc. #16], the Clerk's Office has not done so. For this reason, Plaintiff is not entitled to a default judgment under Rule 55(b).

In addition, Defendants had not even been served at the time the Plaintiff filed this motion, and there is no indication from the docket that they have as yet been properly served. On December 9, 2014, the Court entered a text order granting the Defendants' motion to extend time for filing a response to 60 days after service is perfected. [Doc. #17]. Notwithstanding the lack of any documentation showing proper service, Defendants filed a motion for summary judgment, which is presently pending [Doc. #22]. Under the December 9, 2014 text order, that motion is timely, so there is no basis for either a Clerk's Office entry of default under Fed.R.Civ.P. 55(a) or a default judgment under Rule 55(b).

### III.  CONCLUSION

I therefore recommend that Plaintiff's Motion for Default Judgment [Doc. #14] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: July 16, 2015

Certificate of Service  
I certify that a copy of this order was served upon parties of record via electronic or ordinary mail.

/s/A. Chubb  
CASE MANAGER