UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SEDLAK,

       Plaintiff,                                  No. 14-11610

v.                                               District Judge Gerald E. Rosen
                                                    Magistrate Judge R. Steven Whalen

ERIC HOLDER, ET AL.,

       Defendants.
_____/

**ORDER**

Plaintiff Roger Sedlak, a prison inmate in the custody of the Federal Bureau of Prisons, filed a *pro se* complaint in this Court on April 22, 2014, naming a number of Defendants employed at the Federal Correctional Institution in Milan, Michigan. Before the Court is Plaintiff's Motion to Transfer Case [Doc. #11].

When Plaintiff filed his complaint, he was incarcerated at FCI Milan, where he alleged that the Defendants denied him the right to marry Catherine Penales. He has since been transferred to the Federal Correctional Institution in Danbury, Connecticut, and states that he has filed a similar complaint in the District of Connecticut. He seeks to transfer this case to the District of Connecticut "in the interests of judicial economy," stating that "the best venue" is that district.

Venue is governed by statute. Where a complaint, such as the one before this Court, is based on federal question jurisdiction, *see* 28 U.S.C. §1331, the controlling statute is 28 U.S.C. §1391(b), which provides that venue is proper in

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated, *or* (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Prior to 1990, §1391(b) prescribed that venue would lie "in the judicial district where all the defendants reside or where the claim arose." However, the current statute "was amended in 1990 in order to broaden the venue provisions." *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 263 (6th Cir.1998). Now, a plaintiff "may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Id. See also Winnebago Tribe of Nebraska v. Babbitt*, 915 F.Supp 157, 166 (D.S.D. 1996) (amendment to §1391(b) "was intended to expand the number of venues available to a plaintiff"); *Setco Enterprises v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994) ("Under the amended statute, we no longer ask which district among two or more potential forums is the 'best' venue ... Rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts").

All of the Defendants in this case are located in the Eastern District of Michigan. The events giving rise to Plaintiff's claim occurred in the Eastern District of Michigan. Venue is proper in the Eastern District of Michigan.

Accordingly, Plaintiff's Motion to Transfer Case [Doc. #11] is DENIED.

IT IS SO ORDERED.

/s/R. Steven Whalen
R. STEVEN WHALEN
Dated: July 16, 2015　　　　UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I certify that a copy of this order was served upon parties of record via electronic or postal mail.

/s/A. Chubb
CASE MANAGER