UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SEDLAK,

       Plaintiff,                                No. 14-11610

v.                                             District Judge Gerald E. Rosen
                                                 Magistrate Judge R. Steven Whalen

ERIC HOLDER, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roger Sedlak is a prison inmate in the custody of the Federal Bureau of Prisons, serving a sentence of 145 months imprisonment imposed following his guilty plea to conspiracy to commit interstate prostitution offenses, aggravated identity theft, and money laundering. *See United States v. Sedlak*, 529 Fed.App'x 253 (3rd Cir. 2013). As will be seen, he is a prodigious litigator. In this case, he has filed a *pro se* civil complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), challenging the denial of his request to marry a Philippine citizen residing in the Philippines. Before the Court are motions for summary judgment filed by Defendants Beck, Stoner, and Terris [Doc. #22], and by Defendants Call and True [Doc. #34][1], as well as a cross-motion for summary judgment filed by Plaintiff [Doc. #42].

These motions have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)B). For the reasons discussed below, I recommend that both of the defense motions for summary judgment [Doc. #22 and Doc. #34] be GRANTED, and that

---

[1] Defendants Call and True, who were served after Beck, Stoner, and Terris filed their motion for summary judgment, joined in that earlier motion.

Plaintiff's cross-motion for summary judgment [Doc. #42] be DENIED.

I.  FACTS

During the time frame alleged in the complaint, Plaintiff was an inmate at the Federal Correctional Institution in Milan, Michigan. He got divorced on May 6, 2013. Two days later, on May 8, 2013, he hand-delivered a "Request for Marriage" to the Warden, asking permission to marry Catherine Penales, a Philippine citizen residing in the Philippines. *Complaint* [Doc. #1], pp. 1-2. He claims that the BOP policy on inmate marriages was unconstitutionally applied to him, and that the denial of his request infringed on his constitutionally protected right to marry. *Id*., pp. 3-4.

The Defendants seek dismissal on three procedural grounds, claiming (1) Plaintiff filed his complaint without first obtaining leave of the Court, as ordered in a previously dismissed case; (2) by virtue of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff is not entitled to proceed *in forma pauperis*, and he has not paid the filing fee; and (3) Plaintiff did not exhaust his administrative remedies before filing his complaint.[2]

II.  LEGAL PRINCIPLES

A.  Three Strikes Rule

Under 28 U.S.C. § 1915(g), a prisoner who has had three or more previous civil complaints dismissed as frivolous, malicious, or for failure to state a claim is not entitled to proceed *in forma pauperis*, and therefore must pay the full filing fee:

"In no event shall a prisoner bring a civil action or appeal a judgment in a

---

[2] The Defendants also argue that they are entitled to qualified immunity. However, because the complaint is clearly dismissible on procedural grounds, it is not necessary to address that argument.

civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id*.

See also *Thaddeus-X v. Blatter,* 175 F.3d 378, 400 (6th Cir. 1999).

### B. Exhaustion

Under the PLRA), specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id*.; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.[3]

---

[3] Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th

## III. DISCUSSION

### A. Failure to Obtain Leave of the Court

On May 30, 2013, Judge Lawrence P. Zatkoff entered an order dismissing Plaintiffs' complaint in *Sedlak v. Simms*, E.D. Mich. No. 13-11496, Doc. #4. His order concluded as follows:

> "IT IS FURTHER ORDERED that Plaintiffs are enjoined from filing subsequent actions without seeking and obtaining the Court's leave."

Plaintiff concedes that he filed his complaint in this case without first having sought and obtained leave of the Court. In his Response and Cross-Motion [Doc. #42], he asserts that because of the prison's mishandling of his mail, he had no knowledge of Judge Zatkoff's order. This is a complete fabrication, contradicted by his handwritten letter to the Clerk of this Court in the *Simms* case, dated June 13, 2013, asking that a Notice of Appeal of Appeal be filed in *Sedlak v. Simms*. His letter plainly states:

> "I have received a dismissal of my Case 13-11496."

E.D. Mich. No. 13-11496, Doc. #6.

Courts are advised to construe *pro se* pleadings liberally, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), but we are not required to countenance lies. Plaintiff intentionally disregarded Judge Zatkoff's clear order to seek and obtain the Court's leave before filing a subsequent complaint. This complaint must therefore be dismissed.

---

Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011). As I noted in *Twohig v. Riley*, 2013 WL 3773365, *3-4, there has been a divergence of views concerning whether a motion to dismiss under 42 U.S.C. § 1997e(a) is properly characterized as a summary judgment motion, a Rule 12(b)(6) motion, or an unenumerated Rule 12(b) motion. In *Twohig*, I chose the latter as "the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA...." *See also McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014)(Cleland, J.).

### B. Three Strikes

Since his incarceration, Plaintiff has filed numerous *pro se* lawsuits, all of which have been dismissed. Attached to the Defendants' motion [Doc. #22] as Exhibits 1 through 10 are the orders and opinions dismissing 10 previous cases. Both in quantity and substance, these filings reveal Plaintiff to be the type of abusive "frequent filer" inmate that Congress had in mind when it passed the PLRA. Having said that, however, not all of these previous dismissals count as "strikes" under § 1915(g).

Exhibits 2 and 3 are petitions brought under 28 U.S.C. § 2255, in which Plaintiff challenges his conviction. Exhibits 4, 5, and 6 were habeas petitions brought under 28 U.S.C. § 2241, but all were dismissed because, being in effect challenges to the conviction, they should have been brought under § 2255. Dismissals of habeas petitions or motions brought under § 2255 do not count as "strikes" under the PLRA. *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir.1997) (dismissals of petitions for writ habeas corpus are not counted for purposes of the "three strikes" rule.); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999) ("Habeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915. Hence, the dismissal of a habeas corpus or § 2255 petition does not count as a strike for purposes of limiting in forma pauperis status under § 1915(g)."); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir.2000) ("If a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies.").

In Exhibit No. 10, *Penales v. Quay*, from the District of Connecticut, Plaintiff and Ms. Penales raised the same issues presented in this lawsuit. The complaint was dismissed not on the merits, and not for frivolousness, but because Plaintiff had not paid the filing fee. This does not count as a strike under the PLRA.

Nevertheless, Plaintiff still has three previous dismissals that count as strikes. In Exhibit No. 8, *Sedlak v. Simms*, E.D. Mich. No. 12-14100 ("*Simms* I"), Judge Zatkoff dismissed the complaint for lack of subject-matter jurisdiction, under Fed.R.Civ.P. 12(h)(3). While some Courts have suggested that a dismissal for lack of subject matter jurisdiction should not count under § 1915(g), *see Thompson v. DEA*, 492 F.3d 428, 437 (D.C.Cir. 2007), the Sixth Circuit, in an unpublished decision, held that where a plaintiff *frivolously* asserts federal jurisdiction, the dismissal will count as a strike:

> "While in the ordinary case, a dismissal for a lack of jurisdiction is not a strike, see *Thompson v. DEA*, 492 F.3d 428, 437 (D.C.Cir.2007) (stating that there is nothing necessarily frivolous in bringing an action for which there is no jurisdiction), a per se rule is not appropriate because a prisoner's invocation of federal jurisdiction in and of itself may be frivolous where there is 'no possible ground upon which a reasoned argument can be made to sustain [ ] jurisdiction.' *De La Garza v. De La Garza,* 91 Fed.Appx. 508 (7th Cir.2004). Counting these frivolous invocations of federal jurisdiction as strikes aligns with the PLRA's purpose, which is to reduce the burden on federal courts stemming from the tide of vexatious and burdensome prisoner litigation. *See In re Alea,* 286 F.3d 378, 380 (6th Cir.2002). Accordingly, a dismissal where the plaintiff frivolously sought federal jurisdiction can constitute a strike."

*Cohen v. Corr. Corp. of Am.,* 439 Fed.App'x 489, 491-92 (6th Cir. 2011).

In *Sims* I, there was no reasoned basis for Plaintiff's invocation of federal jurisdiction. Judge Zatkoff made the point in his opinion and order dismissing that case:

> "Here, even under the most liberal standards afforded to pro se litigants, Plaintiffs' complaint must be dismissed because the Court lacks subject-matter jurisdiction. Although it is not entirely clear what cause(s) of action(s) Plaintiffs are alleging, it appears that Plaintiffs are asserting claims of professional malpractice and negligence, both of which are grounded in state law. Without even considering the legal viability of either claim, Plaintiffs' complaint suffers from a fundamental deficiency-the failure to properly establish that this Court possesses subject-matter jurisdiction. In other words, because Plaintiffs have failed to plead a federal cause of action, and because the parties in this case are not completely diverse under 28 U.S.C. § 1332(a), the Court has no jurisdictional basis to entertain this case. As such, the Court dismisses Plaintiffs' complaint."

Undeterred, Plaintiff filed another complaint raising *the exact same claims*. *Sedlak*

*v. Simms*, E.D. Mich. No. 13-11496 (*Simms* II)(Defendants' Exhibit 1). This resulted in Judge Zatkoff's order not only dismissing the case, but requiring Plaintiff to obtain leave of the Court before filing any future complaints. Judge Zatkoff dismissed the complaint for the same reasons that supported the dismissal in *Simms* I.

Then, in *Sedlak v. Walton*, E.D. Mich. No. 12-10380 (Defendant's Exhibit 7), Judge Murphy dismissed a complaint that was construed as having been brought under 42 U.S.C. § 1983. While he found that Plaintiff had failed to exhaust his administrative remedies under the PLRA, Judge Murphy also dismissed on substantive grounds Plaintiff's request for injunctive relief, finding that Plaintiff had "failed to show that relief is warranted." The Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson,* 502 F.3d 369, 377 (6th Cir.2007). Thus, Plaintiff has three strikes[1], and, as is his pattern, he has not paid the filing fee. His complaint must therefore be dismissed.

## C. Exhaustion

The Federal Bureau of Prisons has a four-step administrative process for resolving inmate grievances: (1) at the first step, the inmate is required to "present an issue of concern informally to staff...." 28 C.F.R. §542.13; (2) if the grievance is not resolved to the inmate's satisfaction, he or she may then file a written Administrative Remedy Request within 20 days of the date the basis for the Request occurred. 28 C.F.R. §542.14; (3) if still not satisfied, the inmate may submit a written appeal to the appropriate

---

[1] In *Simms* II, Judge Zatkoff noted that he had dismissed two of Plaintiff's previous complaints for lack of subject matter jurisdiction. This would indicate that Plaintiff has three strike even without considering *Sedlak v. Walton*.

Regional Director within 20 days of when the Warden signed the step two response. 28 C.F.R. §542.15; (4) the final step in the administrative process is a written appeal to the General Counsel within 30 days of the Regional Director's response. *Id.*

At pp. 10-13 of their brief [Doc. #22], the Defendants describe a number of instances of Plaintiff's non-compliance with the BOP grievance procedure, and his failure to complete that procedure before filing suit. Defendants' arguments in this regard are supported by the attached affidavit of Heather MacConnell and copies of Plaintiff's grievance requests. First, Defendant did not file a grievance regarding the May 8, 2013 denial of his request to marry until 10 months later, on April 1, 2014. Being well past the 20 day period set forth in the regulations, his grievance was denied as untimely. Then, after the Warden denied the grievance on May 13, 2014, Plaintiff neither submitted an appeal to the Regional Director nor appealed to the General Counsel before filing suit.[2]

The Plaintiff does not deny that he failed to exhaust his administrative remedies, but argues that his case falls within three exceptions to the exhaustion requirement. None of his arguments holds water.

First, Plaintiff claims that he was transferred from FCI Milan, and thus no longer in the Defendants' custody, before the grievance process could be completed. As a factual matter, Plaintiff is wrong. The alleged constitutional violation occurred on May 8, 2013, when the Warden denied Plaintiff's request to marry. Plaintiff notified the Court that he was transferred from FCI Milan to FCI Danbury more than 13 months later, on June 23, 2014 [Doc. #15]. He was grossly untimely in filing his administrative grievance 10

---

[2] Plaintiff initiated a second-step administrative appeal three days after he filed his complaint in this Court. Under the PLRA, an inmate must complete the administrative process *before* filing suit. In any event, Plaintiff never completed the four-level procedure.

months after the alleged violation. He essentially abandoned the administrative process when he filed his complaint on April 22, 2014, at which time he was still housed at FCI Milan. Had he properly and timely pursued his grievance through each of the four steps, he would have exhausted his administrative remedies well before he was transferred. His own lack of diligence and his failure to follow the rules cannot be rewarded by simply excusing him from the exhaustion requirement. Such a result would turn *Woodford v. Ngo* on its head.

Second, Plaintiff argues that non-parties–in this case his fiancé, Ms. Penales–are not subject to the PLRA's exhaustion requirement. So what? Ms. Penales has been dismissed from this case, and whatever her obligations were or were not, the Plaintiff is most certainly subject to the PLRA.

Third, Plaintiff seeks to be excused from the exhaustion requirement because he has raised a "substantial constitutional question." He has not cited any authority that contravenes *Porter v. Russell*, which requires an inmate to exhaust administrative remedies regardless of the nature of the wrong or the type of relief sought.[3] I also note virtually all prisoner civil rights cases implicate constitutional questions.

There are no excuses. Plaintiff failed to exhaust the BOP's administrative procedure before he filed suit. His complaint must therefore be dismissed.

## IV.  CONCLUSION

I therefore recommend that the Defendants' motions for summary judgment [Doc. #22 and Doc. #34], be GRANTED, that Plaintiff's cross-motion for summary judgment

---

[3] *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973 (9th Cir. 2002), was not a prisoner case and did not address the PLRA.  Nor did *School Dist. of City of Saginaw v. U.S. Dept. of Health, Ed. & Welfare*, 431 F.Supp. 147 (E.D. Mich. 1977), decided some 25 years before *Nussle v. Porter*, and holding that the Court had no jurisdiction to hear the claims before the completion of administrative proceedings.

[Doc. #42] be DENIED, and that the complaint be DISMISSED WITHOUT PREJUDICE.

I further recommend that notwithstanding a dismissal without prejudice, the Court reiterate that Plaintiff may not file any subsequent complaints without first seeking and obtaining leave of the Court.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 23, 2016, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen